BERTHA GETZSCHMANN ET AL., APPELLANTS, V. BOARD OF
COUNTY COMMISSIONERS OF DOUGLAS COUNTY ET AL.,
APPELLEES.

FILED MAY 17, 1906. No. 14,037.

Taxation: DELINQUENT TAX LIST: PUBLICATION: INJUNCTION. Section
196, art. I, ch. 77, Comp. St. 1905, after providing for the publi-
cation of the delinquent tax list in a newspaper published and of
general circulation in the county, to be designated by the county
board, contains the further provision that "if there be published
in said county newspapers printed in the German, Swedish or
Bohemian languages, having been regularly published in said
county for ten successive years or more, and having a daily, semi-
weekly or weekly circulation among regular, *bona fide* subscribers
of fifteen hundred copies or more, the said notice shall also be
published in a newspaper in each of said languages, to be desig-
nated by the board of county commissioners." *Held*, That where
the evidence shows that a hearing was had before the county board
as to the qualifications of certain rival newspapers and that there
was an actual controversy upon good grounds as to whether cer-
tain papers possessed the necessary requirements, and the board
acted upon conflicting evidence in good faith in designating the
newspapers, a court of equity will not interfere by injunction to
restrain or control its action.

APPEAL from the district court for Douglas county:
ABRAHAM L. SUTTON, JUDGE. *Affirmed.*

*Charles W. Haller,* for appellants.

*James P. English, Frank L. Weaver, W. W. Slabaugh*
and *Frank A. Shotwell,* contra.

LETTON, J.

This action was brought by the plaintiff Getzschmann,
who is the owner and publisher of a weekly newspaper,
named the "Nebraska Tribune," printed in the German
language in Douglas county, and by the Pokrok Publishing
Company, which is the owner and publisher of a weekly
newspaper named the "Pokrok Zapadu," printed in the
Bohemian language in the same county, to enjoin the de-

fendant county board from entering into a contract with the defendants Simmons and the National Printing Company, owners respectively of the "German Westliche Presse," a weekly newspaper printed in the German language, and the "Osveta Americka," a weekly newspaper printed in the Bohemian language, both published in that county, for the publication of the delinquent tax list in said papers, or from paying the defendants any sum for the publication thereof, and to restrain the defendant county treasurer of Douglas county from delivering the delinquent tax list to either of these papers for publication. The district court denied the relief prayed, and the plaintiffs bring the case here on appeal.

1. Section 196, art. I, ch. 77, Comp. St. 1905 (Ann. St. sec. 10595), providing for the publication of the delinquent tax list, is as follows: "The county treasurer shall cause said list and accompanying notice to be published once a week for three consecutive weeks prior to the date of sale, commencing the first week in October, in a newspaper published in said county having a general circulation therein, which newspaper shall be designated by the county board, and if there be published in said county newspapers printed in the German, Swedish or Bohemian languages, having been regularly published in said county for ten successive years or more, and having a daily, semi-weekly or weekly circulation among regular, *bona fide* subscribers of fifteen hundred copies or more, the said notice shall also be published in a newspaper in each of said languages to be designated by the board of county commissioners; Provided, however, that if the total cost of such publication in all of said newspapers shall exceed the total amount herein provided to be taxed against the lands and lots so advertised, then the said publication shall be made only in the said newspaper printed in the English language, and shall also cause to be posted up in some conspicuous place in his office, a copy of said list and notice. The treasurer shall add to each description of lands so advertised, other than town

lots, the sum of twenty cents, and for each town lot the sum of ten cents, to defray the expenses of advertising, which sum shall be added to the amount due on said land or town lot for taxes and collected in the same manner as taxes."

The plaintiff's contention is that the respective newspapers belonging to them are the only newspapers in Douglas county which comply with the requirements of the law, and that the county board was without power or jurisdiction to designate the newspapers owned by the defendants as proper papers in which to publish the delinquent tax list. Each of the four papers mentioned made application to the county board to be designated by such body as one of the papers in which the delinquent tax list of the county should be published. The plaintiffs' application was denied and the papers owned by the defendants were selected. The plaintiffs contend that the power of the county board to designate papers printed in a foreign language to publish the tax list is limited to such as have been regularly published in the county for ten successive years or more, and that it does not appear that the papers designated by the board had been published for that period. It appears from the evidence that at the time the newspapers were selected by the county board a hearing was had as to whether or not the designated papers complied with the statutory requirements, and that there was a conflict of testimony upon that point. The successful applicants maintained that their papers were continuations of papers which had been published under other names successively for the period required, though it was admitted that they had not been published for the requisite length of time by the same name under which they now appeared. However, the evidence before the board not being preserved, it is impossible to tell exactly how much evidence was produced. Sufficient of the evidence presented to the board appears in the case, however, to show that there was an actual controversy upon good grounds as to the mooted question.

It may be questioned whether, if the same evidence had been submitted to a jury or to this court in the first instance, the same conclusion would have been reached as that which the board adopted, but, upon the whole, it appears that there was evidence enough before the board to justify its finding that the papers selected fulfilled the statutory requirements, even though the papers had not always been published independently or under the same names for the statutory period. It would seem, therefore, that the board acted in good faith in considering that the designated papers complied with the statutory requirements. In the exercise of the power reposed in the board to determine whether the papers seeking to publish the tax list fell within the class which are eligible under the statute, infallibility of judgment is never expected nor required. The most that can be required is that it act in good faith, and not in an unwarranted and arbitrary manner and without regard to the evidence before it. If it had been shown that the commissioners were proceeding under a mere pretense of right, or wilfully in violation of the statute, a different case would be presented. In such case a court would interfere to restrain the plain violation of law. The district court found specially that the papers owned by the defendants had both been in existence for a period of ten years prior to the 5th day of September, 1903, and generally upon the other issues for the defendants. There is sufficient evidence to support the finding, and hence sufficient to justify the action of the county board.

The judgment of the district court is

AFFIRMED.